UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANIEL RAYFEL WILLIAMS,

        Plaintiff,

  vs.

STATE OF CALIFORNIA
DEPARTMENT OF MENTAL HEALTH,
NAPA STATE HOSPITAL,

        Defendants.
                                   /

No. C 07-4196 PJH (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, who is confined at Napa State Hospital after being found incompetent to stand trial, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

Venue is proper in this district because a substantial part of the events giving rise to the action occurred in this district. See 28 U.S.C. § 1391(b).

**DISCUSSION**

**A.    Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

///

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1986-87.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   Legal Claims**

The defendant named is "State of California Dept. of Mental Health Napa State Hospital, Real Parties in Interest." Although it is unclear from this whether plaintiff means to name the State of California and the Department of Mental Health as separate defendants, it does not matter, because neither the state nor state agencies can be sued in federal court. *See Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 237-38 (1985) (11th Amendment bars suits against states in federal court); *Wolfe v. Strankman*, 392 F.3d 358, 364(9th Cir. 2004) (state agencies).

Plaintiff describes a number of actions taken by Napa State Hospital employees. The Eleventh Amendment does not bar federal court suits against state employees sued in their individual capacity. *See Hafer v. Melo*, 502 U.S. 21, 31 (1991). Plaintiff thus might be able to amend to state claims against individual defendants, so the dismissal will be with leave to amend. Plaintiff should note if he chooses to amend that only violations of federal

2

law, usually the Constitution, can be the basis for section 1983 claims, and that to state a claim he must set out facts as to each defendant that make it plausible that the defendant violated his rights.  For instance, his statement that he believes that his assignment to an "all-female treatment team" "might" have led to his being forcibly medicated, if included in the amended complaint as it is now, would be insufficient to state a claim because it does not make a positive claim and does not appear to allege the violation of a constitutional right.

## CONCLUSION

1. For the foregoing reasons, the case is **DISMISSED** with leave to amend, as indicated above, within thirty days from the date of this order.  The amended complaint must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page.  Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the original complaint by reference.  Failure to amend within the designated time will result in the dismissal of these claims.

2. It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated:  April 8, 2008.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.07\WILLIAMS4196.dwl.wpd