United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANIEL RAYFEL WILLIAMS,

    Plaintiff,

vs.

STATE OF CALIFORNIA
DEPARTMENT OF MENTAL HEALTH,
NAPA STATE HOSPITAL,

    Defendants.
                         /

No. C 07-4196 PJH (PR)

**ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT WITH LEAVE TO AMEND**

       This is a civil rights case filed by a patient at the Napa State Hospital.  In the initial review order the court noted that the only defendant named, "State of California Dept. of Mental Health Napa State Hospital," could not be sued in federal court.  *See Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 237-38 (1985) (11th Amendment bars suits against states in federal court); *Wolfe v. Strankman*, 392 F.3d 358, 364(9th Cir. 2004) (state agencies).  The complaint was dismissed with leave to amend and plaintiff has amended.  The court will now screen the amended complaint to determine whether it should be served.  *See* 28 U.S.C. 1915A(a).

**DISCUSSION**

**A.   Exhaustion**

      In the amendment plaintiff concedes that he has not pursued his administrative remedies to the highest level available.  There is a statutory exhaustion requirement for prisoner suits which states:  "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are

exhausted." 42 U.S.C. § 1997e(a).  If the exhaustion requirement applies to plaintiff at all, it would be proper for the court to address it sua sponte because he has conceded failure to exhaust.  *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003).

It appears from the contents of a notice of change of address that plaintiff sent the court that he is at Napa State Hospital for restoration of competency – that is, he has been charged with a crime.  Because he is accused of a crime plaintiff may be a "prisoner" within the meaning of the act, unlike, for instance, those confined as Sexually Violent Predators, *see Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000) (only individuals who, at the time they seek to file their civil actions, are detained as a result of being accused of, convicted of, or sentenced for criminal offenses are "prisoners" within the definition of 42 U.S.C. § 1997e), but he is in a mental hospital, which usually would not be thought of as a "correctional facility."  Because there thus is a question whether the exhaustion requirement applies, the issue will be left for defendants to raise if the case proceeds after the further amendment allowed below.

**B.    Defendants**

The only defendant named in the original complaint, "State of California Dept. of Mental Health Napa State Hospital," has been dismissed.  These are the defendants listed in the caption of the amended complaint; the formatting has been retained for any clues to the intended defendants it might contain:

> Gov. Arnold Schwarzenegger
> Director, ex-officio
> California Department of
> Mental Health [dot] Napa State
> Hospital

It is clear that plaintiff intends to name the governor, but what he means by "Director, ex-officio" in the caption is an enigma – does he mean that the governor is the ex-officio director of the Department of Mental Health, or is it an attempt to name another defendant, perhaps the director of the Department of Mental Health?  And it looks as if he intends to name "Napa State Hospital" as a separate defendant, but that seems unlikely after it was explained to him in the dismissal with leave to amend that state agencies cannot be sued in

2

1  federal court.
2       On pages two and three of the form complaint plaintiff lists the defendants as:
3           Arnold Schwarzenegger, Governor
            California State (Office of Legal Affairs [dot] State Capital
4           95814)
            Ed Foulk, Ed. D. (Executive Director) 2100 Napa [dot]
5           Vallejo Hwy. [dot] Napa [dot] CA [dot] 94558-6293
6       Although not entirely certain, it appears that in this listing he intended to name the
7  governor and Ed Foulk, the other references in that section apparently being addresses.
8  This is inconsistent with the caption, however.
9       Plaintiff will be afforded an opportunity to clarify the intended defendants if he
10 chooses to amend as allowed below.
11 **C.   Claims**
12      In his first claim, plaintiff contends that his rights were violated when "the staff of
13 Napa State Hospital" forcibly medicated him without his consent or a due-process hearing.
14 If plaintiff is at the hospital as the result of a court determination of incompetence, as seems
15 likely, it may well be that the court's proceedings provided all the due process necessary
16 before forcible medication, but that cannot be determined at this stage of the case.  What is
17 clear, however, is that the allegation that "staff" medicated him without due process is
18 insufficient to state a plausible constitutional claim against any of the possible defendants.
19 This claim therefore will be dismissed with leave to amend.  To remedy the deficiency,
20 plaintiff must state facts saying what the defendant or defendants against whom the claim
21 is advanced actually did to violate his rights.
22      In his second claim, plaintiff contends that there were no males on his treatment
23 team and that for ninety days we was not allowed to speak to a male "decision-maker."
24 This claim is frivolous and will be dismissed without leave to amend.
25      In his third claim, plaintiff alleges that he was not allowed access to a law library.
26 The right of access to the courts is guaranteed to people who are involuntarily committed to
27 a mental institution.  *Cornett v. Donovan*, 51 F.3d 894, 897 (9th Cir. 1995).  It should be
28 noted that the right is a right of access to the courts, not necessarily a right to access to a

law library; other ways of ensuring access to the courts, such as by providing access to legal forms or lawyers or law clerks, may suffice. *See Lewis v. Casey*, 518 U.S. 343, 352, 356 (1996). Because the right is one of access to the court, to state a claim the plaintiff must allege facts showing "actual injury." *Id.* at 354-55 (1996); *Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir. 1989). To establish "actual injury" a plaintiff must show that the alleged lack of legal assistance or lack of access to a law library hindered the plaintiff's efforts to pursue a non-frivolous claim concerning his or her confinement. *Id.* This plaintiff has not done. This claim will be dismissed with leave to amend.

In his fourth claim, plaintiff contends that his rights were violated by the hospital's failure to have a "functioning, adequate" law library. That is, in the third claim he contended he was not allowed to go to a law library, and in this claim he contends either that there is not one, or that it is not sufficient. As discussed above, there is no constitutional right to a law library or to a law library that is adequate; the right involved is that of access to the courts, and if plaintiff was deprived of that right, it makes no difference whether the deprivation was because he was not allowed to go to a law library or because there was none. This claim therefore duplicates the third claim, and will be dismissed without leave to amend.

In his fifth claim, plaintiff contends that his constitutional rights and his rights under the Health Information Patient Privacy Act ("HIPPA") were violated when Napa State Hospital received his mental health records, including records of court-ordered psychiatric evaluations with which he did not cooperate, without his having authorized their release. He does not say which, if any, of the defendants was responsible for these alleged violations, so this claim will be dismissed with leave to amend.

In his sixth and final claim, plaintiff contends that "staff" violated his constitutional rights and HIPPA when they refused to destroy the documents referred to in claim five. Again, he has failed to allege any facts regarding the named defendants. This claim will be dismissed with leave to amend.

///

4

**CONCLUSION**

1. Leave to proceed in forma pauperis (document number 3 on the docket) is **GRANTED**.

2. Plaintiff's second and fourth claims are **DISMISSED** without leave to amend.

3. For the reasons discussed above, the remaining issues of the complaint are **DISMISSED** with leave to amend, as indicated above, within thirty days from the date of this order. The amended complaint must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of these claims.

4. Plaintiff is warned that if he does not state a claim in the second amended complaint the case will be dismissed without further leave to amend.

5. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: May 28, 2008.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.07\WILLIAMS4196.DWLTA2.wpd