UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL RAYFEL WILLIAMS,<br><br>           Plaintiff,<br><br>  vs.<br><br>STATE OF CALIFORNIA DEPARTMENT OF MENTAL HEALTH, NAPA STATE HOSPITAL; ED FOULK, Excecutive Director, Napa State Hospital; and ARNOLD SCHWARZENEGGER, Governor,<br><br>           Defendants. | No. C 07-4196 PJH (PR)<br><br>**ORDER OF SERVICE** |

This is a civil rights case filed by a patient at the Napa State Hospital. In the initial review order the court noted that the only defendant named, "State of California Dept. of Mental Health Napa State Hospital," could not be sued in federal court and dismissed with leave to amend. Plaintiff amended, but it still was not possible to tell who was intended to be the defendants, and he had not stated a claim in any of his six claims. One of the claims was frivolous and thus was dismissed without leave to amend; the other five were again dismissed with leave to amend. His second amended complaint now will be reviewed. *See* 28 U.S.C. § 1915(e)(2)(B) (federal courts must dismiss any in forma pauperis case that, inter alia, fails to state a claim).

**DISCUSSION**

**A.    Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and

dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1986-87.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   Claims**

In the amendment plaintiff makes clear that the intended defendants are Governor Schwarzenegger and Ed Foulk, director of the hospital. He thus has remedied that ambiguity.

In his first claim plaintiff asserts that Foulk forcibly medicated him with psychotropic drugs at the direction of governor Schwarzenegger, allegedly in violation of his due process rights. If plaintiff is at the hospital as the result of a court determination of incompetence, as seems likely, it may be that the court's proceedings provided all the due process necessary before forcible medication, but that cannot be determined at this stage of the

1  case.

2  It seems unlikely that Foulk, director of the hospital, himself administered the
3  medications, and even more unlikely that he did it at the direction of the governor, but that
4  is what plaintiff alleges and it is not impossible.  Construing the claim liberally, as the court
5  must in the case of pro se plaintiffs, *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976), this
6  claim is sufficient to proceed.

7  In his second claim, plaintiff contends that Foulk, again at the direction of
8  Schwarzenegger, received and reviewed plaintiff's confidential mental health records
9  without his consent.  Plaintiff contends that this violated his rights under the Fourth,
10 Fourteenth, and Fifteenth Amendments to the Constitution and the Health Information
11 Patient Privacy Act ("HIPPAA").

12 There is no private right of action under HIPPAA, *see Webb v. Smart Document
13 Solutions*, 499 F.3d 1078, 1082 (9th Cir. 2007), *Acara v. Banks*, 470 F.3d 569, 571-72 (5th
14 Cir. 2006); the Fifteenth Amendment, which has to do with the right to vote, obviously does
15 not apply; the facts alleged do not imply any due process or equal protection violation; and
16 there is no allegation that there was a search.  Plaintiff has twice been allowed to amend
17 and still has not stated a claim regarding access to his medical records.  This claim will be
18 dismissed without further leave to amend.

19 In his third claim, plaintiff contends that Foulk, at the direction of Schwarzenegger,
20 refused to destroy the confidential mental health records referred to in claim two.  Plaintiff
21 contends that this violated his rights under the Fourth, Fourteenth, and Fifteenth
22 Amendments to the Constitution and HIPPAA.  For the reasons set out in the discussion of
23 his second claim above, this claim will be dismissed without further leave to amend.

24 In his fourth claim, plaintiff alleges that he was not allowed access to a law library.
25 The court dismissed this claim because plaintiff had not alleged facts showing actual injury,
26 defined as a showing that he was hindered in efforts to pursue a non-frivolous claim
27 concerning his confinement.  *Lewis v. Casey*, 518 U.S. 343, 352, 356 (1996).  In the
28 amended complaint plaintiff alleges that he was unable to pursue a nonfrivolous claim

3

regarding conditions of confinement, but the allegation is purely conclusory – he provides no facts as to what that claim might be.  As a result this access to the courts claim is not plausible.  Because plaintiff has twice been allowed to amend but still has not stated a claim, the dismissal will be without further leave to amend.

**CONCLUSION**

1. Claim two, three and four are **DISMISSED** without leave to amend.

2. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint with attachments and copies of this order on the following defendants: Ed Foulk, Excecutive Director, Napa State Hospital; and Arnold Schwarzenegger, Governor.  The clerk also shall serve a copy of this order on plaintiff.

3. In order to expedite the resolution of this case, the court orders as follows:

    a. No later than sixty days from the date of service, defendants shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue.  If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date their summary judgment motion is due.  All papers filed with the court shall be promptly served on the plaintiff.

    b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than thirty days from the date the motion was served upon him.  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION),"

4

which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

        c.  If defendants wish to file a reply brief, they shall do so no later than fifteen days after the opposition is served upon them.

        d.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

    4.  All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

    5.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

    6.  It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He also must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated:  July 28, 2008.

                                      PHYLLIS J. HAMILTON
                                      United States District Judge

G:\PRO-SE\PJH\CR.07\WILLIAMS4196.SRV.wpd