United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL RAFAEL WILLIAMS,<br><br>    Plaintiff,<br><br>  vs.<br><br>STATE OF CALIFORNIA DEPARTMENT OF MENTAL HEALTH, NAPA STATE HOSPITAL; ED FOULK, Executive Director, Napa State Hospital; and ARNOLD SCHWARZENEGGER, Governor,<br><br>    Defendants.<br>                                     / | No. C 07-4196 PJH (PR)<br><br>**ORDER AMENDING ORDER OF DISMISSAL, DECLINING TO CERTIFY INTERLOCUTORY APPEAL AND DENYING MOTION FOR COUNSEL** |

    This is a civil rights case filed by a patient at the Napa State Hospital. After two reviews by the court and subsequent amendments, the court dismissed three of plaintiff's four claims without further leave to amend and ordered service of one claim. Plaintiff has filed a notice of appeal from that order and requests appointment of counsel.

    In his notice of appeal plaintiff says that he was not asserting a Fifteenth Amendment claim, as the court thought, but rather was claiming "a violation of my Eighteenth Amendment . . . rights." The court evidently misread his handwriting. The Eighteenth Amendment was the prohibition amendment, and was repealed by the Twenty-third Amendment.

    The July 28 order is **AMENDED** as follows: On page three, line ten, the word "Fifteenth" is replaced with "Eighteenth." On the same page, the phrase at line fourteen reading "Fifteenth Amendment, which has to do with the right to vote" is deleted and replaced with "Eighteenth Amendment, which has been repealed." On line 21 of the same page, "Fifteenth" is replaced with "Eighteenth." Plaintiff did not state a claim for relief under

the Eighteenth Amendment and no change to the dismissal of those claims is necessary.

As to plaintiff's attempt to appeal, such an interlocutory appeal can be taken only if the court enters a statement saying that the order involves a controlling question of law as to which there is substantial ground for difference of opinion, and that an immediate appeal will materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). The dismissal of plaintiff's claims does not meet this standard. For one thing, plaintiff was allowed to amend twice and still did not state even a colorable claim, so there is not a substantial ground for a difference of opinion as to the correctness of the dismissal without leave to amend. For another, the dismissed claims are largely unrelated to the one remaining claim, so consideration of the dismissed claims now by the court of appeals would not advance the ultimate termination of the litigation. The court declines to enter the necessary statement.

Plaintiff requests appointment of counsel on appeal. Because the court has not entered the statement allowed by section 1292, the appeal will not proceed, so there is no need for counsel on appeal. The motion for counsel is **DENIED** as moot.

A notice of appeal filed under these circumstances does not stay proceedings or divest this court of jurisdiction. *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 885-86 (9th Cir. 2001) (district court not divested of jurisdiction over particular interlocutory order appealed from until Court of Appeals grants petition to take interlocutory appeal). The deadlines therefore remain in place.

**IT IS SO ORDERED.**

Dated: August 8, 2008.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.07\WILLIAMS4196.APP.wpd